IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2221-FL

| | | |
|---|---|---|
| PEDRO MORA-MORA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNY ATKINSON, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss, or in the alternative, for summary judgment[1] (DE 10). In this posture, the issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies respondent's motion.

**STATEMENT OF THE CASE**

On November 5, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the court issue an order directing the Federal Bureau of Prisons ("BOP") to provide him with one year's placement on home confinement or in a residential re-entry center. Respondent filed a motion for summary judgment arguing that the petition should be denied because petitioner failed to exhaust administrative remedies before filing this action. The motion was fully briefed.

---

[1] Because respondent attached matters that are outside of the pleadings, his motion will be construed as a motion for summary judgment.

**DISCUSSION**

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.      Analysis

Respondent contends that petitioner's § 2241 action should be dismissed because petitioner failed to exhaust his administrative remedies for his claim. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of his/her sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In response to respondent's motion for summary judgment, petitioner asserts that he attempted to exhaust his administrative remedies for his claim by filing a request for informal resolution on July 29, 2014, but that prison officials refused to respond to his grievance. See (Pet'r's Resp. Attach. p. 2.) Exhaustion may be excused when prison officials inappropriately prevent prisoners from availing themselves of administrative procedures. See Hill v. Haynes, 380 F. App'x 268, 270 (4th Cir. 2010). On this record, there is evidence that prison officials interfered with petitioner's ability to exhaust his administrative remedies. Thus, respondent's motion for summary judgment is DENIED without prejudice.

## CONCLUSION

Respondents' motion for summary judgment (DE 10) is DENIED without prejudice. Dispositive motions addressing the merits of petitioner's action are due 90 days from the date of this order.

SO ORDERED, this the 23rd day of October, 2015.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge